## LUCKENBACH S. S. CO., Inc., v. AMERICAN MILLS CO.

Circuit Court of Appeals, Fifth Circuit.
March 1, 1928.

No. 5155.

**1. Shipping ⬦106(3)—Memorandum acknowledging steamship company's receipt of cots for shipment held sufficient acknowledgment to show liability as carrier had begun.**

Memorandum made by agent of steamship company, acknowledging receipt of cots for shipment, *held* sufficient acknowledgment of receipt to show that such company's liability as common carrier had begun.

**2. Shipping ⬦101—Liability of steamship company for loss of cots held to be that prescribed in customary bill of lading, which had not been issued.**

Where steamship company received cots for shipment, part of which were destroyed by fire before being loaded on ship, its liability as carrier, in absence of agreement, was not that of insurer, but there was implied understanding, arising from common business experience, that carrier would issue customary bill of lading prescribing liability.

**3. Evidence ⬦65—Shipper is presumed to know that conditions on which carrier receives goods are contained in bill of lading to be issued later.**

Shipper is presumed to know law, and therefore must know that terms and conditions on which goods are received and transported by carrier will be contained in bill of lading to be issued later.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Suit by the American Mills Company against the Luckenbach Steamship Company, Inc. Decree for libelant (20 F.[2d] 217),

and respondent appeals. Reversed and remanded.

Geo. H. Terriberry and Walter Carroll, both of New Orleans, La. (Terriberry, Young, Rault & Carroll, of New Orleans, La., on the brief), for appellant.

Edwin T. Merrick, Ralph Schwarz, and Morris B. Redmann, all of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellee was awarded by the decree appealed from the value of 1,450 cots that were destroyed by fire while on a wharf in New Orleans awaiting loading on appellant's steamer for shipment to Seattle. Appellee had 2,852 cots, which it desired to ship, and which it delivered, at appellant's request, on the wharf, and was given by appellant's agent a memorandum acknowledging receipt. After 1,402 cots had been loaded, a fire broke out and destroyed the 1,450 cots that remained on the wharf. It was agreed that the fire originated and spread through no fault or neglect on the part of appellant. The bill of lading, which was not issued until after the fire, contained a clause exempting the carrier from liability for loss by fire, and excluded the cots so lost. It was the standard bill of lading used by appellant.

[1-3] There was a delivery of the cots, as they were placed on the wharf at appellant's request. The memorandum was a sufficient acknowledgment of receipt to show that the cots had passed into appellant's possession, and that its liability as a common carrier had begun. But the minds of the parties had not met upon the terms of the contract of carriage. Appellee insists, as there was no agreement to the contrary, that appellant's responsibility as a common carrier was that of an insurer for any loss except such as might arise from the act of God or the public enemy; and it was so held by the District Judge. 20 F.(2d) 217.

In our opinion, that was an erroneous view under the particular facts of this case. Appellant was required by law to issue a bill of lading, but it had the right to except liability for loss by fire. The memorandum merely acknowledged receipt of the goods; it did not purport to be a contract of carriage. Appellee is presumed to know the law, and therefore must have known that the terms and conditions on which its goods were received and would be transported would be contained in a bill of lading to be issued later. In the circumstances, it cannot

be inferred that it was the intention of the parties to enter into a contract that would bind the carrier as insurer; but an implied understanding arose from common business experience that the carrier would issue such bill of lading as it was its custom to issue to shippers in the usual course of its business. The Caledonia (C. C.) 43 F. 681, 685; s. c., 157 U. S. 124, 139, 15 S. Ct. 537, 39 L. Ed. 644.

Appellant's bill of lading was issued after the fire, but it was in accordance with its standard form, issued to all shippers alike, and was not made to fit a special case, in order to escape a liability that had already accrued. It, therefore, but evidenced the contract the parties entered into at the time the goods were delivered and accepted. In the ordinary case of a shipment of goods, it is not to be assumed, upon proof of delivery without condition, that the carrier intends to become insurer; but a shipper, in the absence of a special contract, must be presumed to deliver his goods on the terms and conditions usually and customarily imposed by the carrier in the regular course of business.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.